UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RODRICK D. WARD**<br>   **LA. DOC # 411026** | **CIVIL ACTION NO. 2:10-cv-1235** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN TERRY TERRELL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Rodrick D. Ward filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 19, 2010. Doc. 1. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana. Petitioner attacks his August 2006 conviction for second degree murder and the twenty year hard labor sentence imposed by the Thirty-Sixth Judicial District Court, Beauregard Parish in the matter assigned Docket No. CR-1181-2005 of that court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### *Background*

Petitioner pled guilty to attempted second degree murder on August 23, 2006 and on that same date he was sentenced to serve twenty years at hard labor. Doc. 1, p. 1. In his original

petition he claimed that he appealed to the Third Circuit Court of Appeals raising claims of ineffective assistance of counsel and involuntary guilty plea. Doc. 1, p. 2 . He also claimed that the Third Circuit affirmed his conviction and sentence in a matter assigned Docket Number KH 08-01067. However, those claims were not supported by the presumptively reliable published jurisprudence of the State of Louisiana. *Id*.

Petitioner further claimed that when the Third Circuit denied relief he sought review from the Louisiana Supreme Court and that court denied writs on February 12, 2010, in the matter assigned Docket Number 2009-KH-0910. Doc.1 , p. 3. However, based on this court's initial review of this matter, it appeared that the judgments referred to were not judgments rendered on direct appeal but rather in petitioner's post-conviction litigation.

As relief petitioner requested an evidentiary hearing and raised a series of claims with no factual support, including claims of "due process and ineffective [assistance] of counsel," counsel's "failure to prepare for trial," and "plea of guilty was neither freely nor voluntarily entered." Doc. 1, p. 5-11. Petitioner did not support his claims with a memorandum of law, nor did he provide copies of any of the pleadings filed in the Louisiana Courts or any orders or Judgments except the Supreme Court's writ denial on February 12, 2010. Doc. 1, p. 17.

On May 27, 2011, this court issued an amended order [Doc. 4] instructing petitioner to amend his pleading and provide the following information and documents:

1. A Brief in support of his petition for writ of *habeas corpus*;

2. A copy of the transcripts of petitioner's guilty plea and sentencing in the Thirty-Sixth Judicial District Court on August 23, 2006;

3. Copies of the briefs filed by him or on his behalf and copies of the opinions and orders of the Courts affirming his conviction/sentence in regard to any appeal of his conviction/sentence to the Third Circuit Court of Appeals and the Louisiana Supreme Court;

    4.      Dated copies of any and all post-conviction applications or other collateral attacks of this conviction filed in the Fourteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court; and,

    5.      Copies of the Judgments and Reasons for Judgment of the Fourteenth Judicial District Court and the Third Circuit Court of Appeals denying post-conviction relief.

Petitioner was also advised tha,t with respect to any claims which were denied on the basis of a procedural default, he should submit a response demonstrating that federal *habeas* review of any such claims was not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case. In addition, the amended order instructed him that in the event that his federal habeas petition was time-barred by the provisions of 28 U.S.C. § 2244(d), he should provide evidence and argument to support any claim that he was entitled to statutory or equitable tolling.

On June 22, 2011, petitioner filed a response to the court's amend order. The response provided some but by no means all of the requested information. Doc. 5.

*Law and Analysis*

1. *Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir. 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997)).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on August 23, 2006. Under the provisions of La. Code Crim. Proc. art. 914, petitioner had a period of 30 days within which to file a Motion for Appeal[2] or until on or about September 23, 2006. Pursuant to the provisions of 28 U.S.C. § 2244(d)(1) he had one year, or until on or about September 23, 2007, to file his federal *habeas* petition.

---

[1] Nothing of record suggests that the limitations period should be calculated as provided by 28 U.S.C. §2244 (d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or recent discovery of the factual predicate of his claims.

[2] La. Code Crim. Proc. art. 914(b)(1) provides, "The motion for an appeal must be made no later than

Petitioner was able to toll the limitations period on March 5, 2007, when he filed his first Application for Post-Conviction Relief in the Thirty-Sixth Judicial District Court. Statutory tolling continued under § 2244(d)(2) through March 28, 2007, the date the Thirty-Sixth Judicial District Court denied his application. His post-conviction proceeding ceased to be properly filed as of this date because petitioner failed to seek further review with the Louisiana Third Circuit Court of Appeal or in the Louisiana Supreme Court.

On June 6, 2008, petitioner filed a second Application for Post-Conviction Relief in the Thirty-Sixth Judicial District Court. However, petitioner could no longer rely upon the statutory tolling provided by § 2244(d)(2). Specifically, petitioner's judgment of conviction and sentence became final on September 23, 2006. He filed his first Application for Post-Conviction Relief on March 5, 2007, over five months from the date his sentence was final. The limitations period was only tolled until March 28, 2007, the date that the Thirty-Sixth JDC denied his Application.

Petitioner waited until June 6, 2008, fourteen months after denial of his application, to file his second Application for Post-Conviction Relief. At that point, petitioner had approximately nineteen months of un-tolled time from the date that his judgment of conviction and sentence became final (September 23, 2006). Thus, that he filed a Writ Application with the Third Circuit and then to the Louisiana Supreme Court (both denied) is of no moment as more than one un-tolled year elapsed between the date petitioner's judgment of conviction and sentence became final (September 23, 2006) and the date he filed his federal *habeas* petition (July 19, 2010).

Petitioner incurred additional un-tolled time to the calculation by waiting approximately five months from the date that the Louisiana Supreme Court denied Writs on his second

---

[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

Application for Post-Conviction Relief (February 12, 2010) to the date that he filed this *habeas* petition (July 19, 2010). In total, petitioner exceeded the one year limitations period by approximately twelve months, accumulating some twenty-four months of un-tolled time from the finality of his conviction/sentence to the filing of his federal petition.

Thus, even though petitioner's applications for post-conviction relief were timely under Louisiana law, having been filed within the two year period of limitations established by La. Code Crim. Proc. art. 930.8, since the second Application was filed more than one-year after the judgment of conviction became final under the AEDPA, the pleading could not serve to revive or otherwise toll the federal limitations period which had already expired. In other words, petitioner's *habeas*, is clearly time-barred under the provisions of 28 U.S.C. § 2244(d)(1)(A).

2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, he is encouraged (as he was in the amend order) to provide evidence and argument to support any claim that his federal habeas was timely or, that he is otherwise entitled to the benefits of statutory or equitable tolling.

*Conclusion and Recommendation*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* **28 U.S.C. § 2253(c)(2)**. **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 8th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE